IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

      v.                                                                                                    Civil No. 11-460 WJ/LFG

ROBERT NIPPER, SHEILA NIPPER,
JOHN A. KIRSCHKE, and
CAROLYN KIRSCHKE,[1]

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO TERMINATE RECEIVERSHIP**

THIS MATTER comes before the Court upon the Unites States' Motion to Terminate Receivership and for Order of Sale, filed June 11, 2015 **(Doc. 88)**.  Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and shall be granted.

## BACKGROUND

Robert and Sheila Nipper ("the Nippers" or "Defendants" for purposes of this Order) are indebted to the United States for federal trust fund recovery penalties (pursuant to 26 U.S.C. §6672) assessed against them in the amount of $1,180,665.61 as of May 25, 2012, plus interest and other additions to tax allowed by law accruing thereafter under 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961 until paid.   The United States initially filed this action as a petition seeking judicial approval for the IRS to administratively seize and sell the Defendants' interest in the real

---

[1]  Robert and Sheila Nipper are owners of the subject property.  Defendants, John A. Kirschke and Carolyn Kirschke are the sellers of a Real Estate Contract for the subject property, and as such are made a party pursuant to 26 U.S.C. § 7403(b).

property which is located in Mountainair, New Mexico, which serves as the Defendants' principal residence. The United States since filed a motion to amend its petition/complaint to foreclose on the real property and sell it (under 26 U.S.C. § 7403) rather than to administratively levy on and sell the taxpayers' interest in the property. The amended complaint also adds a claim to reduce to judgment federal tax assessments made against the defendants. The federal tax assessments are based on the Nippers' role as responsible persons of a business they owned (Ruah Enterprises, Inc.), which failed to remit to the government certain trust funds which were withheld from their employees' wages (*see* 26 U.S.C. § 6672). Pursuant to 26 U.S.C. § 6321, the United States has federal tax liens that arose from these assessments, and a judgment lien, and have attached the real property.

On November 1, 2012, the Nippers entered into a Settlement Agreement with the Tax Division of the United States Department of Justice, which allowed the United States to satisfy the Nippers' federal tax indebtedness through two means: (1) the United States would sell 280 acres of the 320 acres owned by the Nippers and (2) the Nippers agreed to pay the United States $20,000 over the course of 67 months. Doc. 92 at 5. The Nippers would be allowed to live on the remaining 40 acres of land as long as the Nippers continued with the payments.

On December 17, 2012, this Court entered an agreed judgment against Robert and Sheila Nipper, in the above referenced case (Doc. 85). According to the agreed judgment, the United States is entitled to foreclose its federal tax lien, pursuant to 28 U.S.C. §§ 2001 et. seq, or through a receiver (as provided in 26 U.S.C. § 7402) upon the subject property, with the exception of the 40 acre plot upon which the Nippers currently reside.

**DISCUSSION**

In the instant motion, the United States requests that the Court allow the IRS to sell the subject property. On May 31, 2014, the Court granted the United States' Unopposed Motion to Appoint Patsy Gustin as Receiver, pursuant to 26 U.S.C. §7402(a) to sell the subject property at issue. Doc. 86. Under 28 U.S.C. §2001(a), the Court may set the terms and conditions of a sale of real property that is sold under any decree or order of the Court. The Court has broad discretion in setting the terms and conditions of a sale under 28 U.S.C. § 2001. *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968); *United States v. Heasley*, 283 F.2d 422 (8th Cir. 1960); *United States v. Hunwardsen*, 39 F. Supp.2d 1157 (N.D. Iowa 1999).

The IRS has created a unit that specializes in selling real and personal property, according to Internal Revenue Manual Section 5.10.8. This section authorizes an employee, referred to as a Property Appraisal and Liquidation Specialist ("PALS") of the IRS to sell property in which the United States has brought an action to foreclose a lien on a taxpayer's property or right to property. The PALS unit has experience in efficiently selling property across the country and its members receive extensive training on the appraisal and sale of property.

**I.   Response Filed in Violation of Local Rules**

Defendants have responded to the United States' motion, stating that while they do not oppose the termination of the receivership, they oppose the proposed Order of Sale because it does not provide for a right of redemption. The Court notes that the response was filed pro se even though the Nippers have been, are still are, represented by counsel. *See* Doc. 94 (Order striking motion filed pro se). Under this Court's local rules, a party who is represented by an attorney "may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.LR-83.5 ("Appearance by Party"). The Court may

strike this response under that rule, and grant the relief to the United States solely on the grounds that no response is before the Court. *See* D.N.M.LR-Civ. 7.1(a) (failure of party "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"). However, the Court shall waive the local rules in the interest of justice and to accord the United States the relief it requests on the merits. *See* D.N.M.LR-Civ.1.7 ("Waiver of Rules").

## II.     No Right of Redemption

The only contested issue in this motion is whether the Court-ordered sale of the property should have a right of redemption in the subject property. As Plaintiff points out, Court-ordered foreclosure sales made pursuant to 28 U.S.C. §2001 do not have a right of redemption. *United States v. Heasley*, 283 F.2d 422, 427 (8th Cir. 1960); *United States v. Scholnick*, 606 F.2d 160, 166-67 (6th Cir. 1979) (collecting cases); *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 364 (9th Cir. 1970)1; *United States v. Melot*, 2012 WL 6204139 at *8 (D.N.M. 2012).

Also, as correctly noted by the United States, Defendants' reliance on a Kansas district court case, *U.S. v. Montgomery,* is misplaced. 268 F.Supp.787 (D.Kan. 1967). *Montgomery* involved a foreclosure suit by the Small Business Administration which was not pursuant to 26 U.S.C. §7403 by the IRS as is the case here—and so *Montgomery* does not apply to this case. However, even that case conceded that state redemption laws did not apply. *Id.* at 790 (concluding that defendants were not entitled to the Kansas statutory eighteen-month period of redemption). The *Montgomery* court decided to give the landowners an "equitable" right of redemption for a shorter period, but such relief has not been extended to tax foreclosure suits under §7403. The Court does not find the same limited relief should be extended here even though some courts have allowed limited relief on an equitable basis. *See e.g.*, *United States v. Kilgore*, 1994 WL 401066 (D. Kan. 1994) (finding defendants did not have a statutory right of

4

redemption, but afforded defendants a limited redemption time on equitable basis, within sixty days of date of sale); *United States v. Jones*, 699 F. Supp. 248, 251 (D. Kan. 1988) (noting that "state limitations on actions do not apply to the United States' attempts to enforce a tax lien or judgment) (citing *U.S. v. Rodgers,* 461 U.S. 677, 701 (1982).   Redemption based on equitable grounds is limited, and the Court agrees with Plaintiff that Defendants have made no showing of entitlement to redemption on this basis.  *See Kilgore,* 1994 WL 401066, at *4 (denying equitable right of redemption where defendants stipulated to failure to pay income taxes and fraudulent transfer of real property); *U.S. v. Fuller,* 1989 WL 84507 (D.Kan. 1989) (denying redemption on equitable basis where defendants "made no showing to establish entitlement to a period of equitable redemption").

Defendants also argue that since 26 U.S.C. §6337 provides for a right of redemption, they should be allowed one in these circumstances as well.  Section 6337 provides for the redemption of property *levied* by the IRS.  Here however, this sale is not a §6337 levy, but a judicial foreclosure proceeding pursuant to 26 U.S.C. §7403.  This argument actually works against Defendants, since it indicates that when Congress wishes to provide a right of redemption, especially in the federal tax collection context, it will do so intentionally—as it did with §6337. *See BFP v. Resolution Trust Corp*, 511 U.S. 531, 537 (1994) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another") citing *Chicago v. Environmental Defense Fund*, 511 U.S. 328, 338 (1994).   In contrast to §6337, 26 U.S.C. §7403 and 28 U.S.C. §2001 do not contain a right of redemption.

Defendants' last argument is that neither the Order Appointing Patsy Gustin to sell the property (Doc. 87) nor the settlement agreement between the parties contained an express

prohibition against a right of redemption. The absence of a provision allowing a right of redemption is not the same as stating that by default, a right of redemption is afforded. Such a request would have to have been an express provision inserted in the settlement agreement and previous Orders to trump the statutory language, and this was not done. The United States' final comment—which the Court supports—is that nothing prevents the Nippers from showing up and bidding on the property at the sale.

**THEREFORE,**

**IT IS ORDERED** that the United States' Motion to Terminate Receivership and for Order of Sale, filed June 11, 2015 **(Doc. 88)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

The Court will enter the Order of Sale separately, and notes that an Agreed Final Judgment has already been entered in this case. *See* Doc. 85.

_____
UNITED STATES DISTRICT JUDGE